## Case No. 13,936.

### In re THOMPSON et al.

[2 Biss. 166; 3 N. B. R. 184 (Quarto. 45); 16 Pittsb. Leg. J. 85; 2 Am. Law T. 107; 1 Chi. Leg. News. 345; 1 Leg. Gaz. 46; 1 Am. Law T. Rep. Bankr. 137.][1]

District Court, N. D. Illinois. July Term, 1869.

BANKRUPTCY — STOPPING PAYMENTS — CONSTRUCTION OF STATUTE—REFUSAL ON GROUND OF LEGAL DEFENSE.

1. In the 39th section of the bankrupt law [of 1867 (14 Stat. 536)]. "has fraudulently stopped or suspended and not resumed payment of his commercial paper within a period of fourteen days." the word "fraudulently" should be construed as limiting "stopped" only, and the words "fourteen days" as applying only to the suspension, &c.

[Cited in Re Hercules Mut. Life Assur. Soc., Case No. 6,402.]
[Cited in Lindsey v. Flebbe (Colo. App.) 38 Pac. 399.]

2. When the stoppage is fraudulent it is not necessary that it be continued, and a suspension of payment for fourteen days, though without any element of fraud, constitutes an act of bankruptcy.

[Cited in Baldwin v. Wilder, Case No. 806; Re Hercules Mut. Life Assur. Soc., Id. 6,-402.]
[Cited in Marble v. Jamesville Manuf'g Co. (Mass.) 39 N. E. 1002.]
[See In re Ballard. Case No. 816.]

3. A refusal on the ground of a legal defense, is not a stoppage or suspension within the meaning of the law.

In bankruptcy. This was an involuntary petition alleging that Thompson and Mc-Clallen committed an act of bankruptcy within six calendar months next preceding

the date of filing the petition, in that they, being merchants, on the 2d day of January, 1869, suspended, and have not resumed payment of their commercial paper within the period of fourteen days, setting forth what the commercial paper was. Respondents filed a general demurrer.

Bentley & Hart, for creditors.
C. C. Bonney, for respondent.

DRUMMOND, District Judge. [This is a very important question undoubtedly, but it is one that has been before me on several occasions, and although there never has been an express adjudication on the point, still, incidentally. I have expressed an opinion as to the true construction of this clause of the bankrupt law; and inasmuch as I have a decided opinion upon it, I might as well state that opinion now, with some of the reasons upon which it is formed.][2]

An objection is taken on the part of Thompson and McClallen that this is not an act of bankruptcy within the meaning of the law. The clause of the 39th section of the bankrupt law under which the question arises is this: "Or who, being a banker, merchant or trader, has fraudulently stopped or suspended, and not resumed payment of his commercial paper within the period of fourteen days."

That constitutes an act of bankruptcy on the part of any person who is within the conditions named, and the only question, as I conceive, is whether the word "fraudulently" applies to and qualifies the whole of the clause—whether it is to be read as if written: "who, being a banker, merchant or trader, has fraudulently stopped or fraudulently suspended, and not resumed payment of his commercial paper within the period of fourteen days," or whether it is to be read as if written in this way: "or who, being a banker, merchant or trader, has fraudulently stopped" payment of his commercial paper; or who, being a banker, merchant or trader, has "suspended and not resumed payment of his commercial paper within a period of fourteen days," applying the words "fourteen days" to the suspension only. and without the use of the word "fraudulently"; and I think the latter is the true construction. It would seem to be unreasonable to say that in order to constitute an act of bankruptcy, a merchant, banker or trader must stop during fourteen days by a continuous act of fraud. It would seem as though one act of fraud, by stopping payment of his commercial paper, committed by a banker, merchant or trader, should constitute an act of bankruptcy. There is no reason why there should be a continued fraud for the period of fourteen days, in order to constitute an act of bankruptcy; because where a merchant, banker or trader—and who is there-

[2] [From 1 N. B. R. 323 (Quarto, 65).]
[1] [Reported by Josiah H. Bissell. Esq., and here reprinted by permission. 1 Leg. Gaz. 46, contains only a partial report.]
[2] [From 3 N. B. R. 184 (Quarto, 45).]

fore within the terms of the law—deliberately commits an act of fraud, by refusing to pay or by stopping payment of his commercial paper, he is in that condition where his creditors ought to have the right to call upon him to surrender his property for their benefit. He has acted dishonestly, and he should have his property administered in a bankrupt court.

And on the other hand, where he merely suspends the payment of his commercial paper, it was highly proper that some time should be fixed, within which, if he does not resume, it should be treated as an act of bankruptcy; because it was foreseen that he might suspend payment of his commercial paper, through accident, a particular emergency or exigency, which might be temporary in its character, as in consequence of the non-receipt of remittances, or of the non-arrival of a vessel, or from other similar causes, and therefore the law intended that if there was a suspension in consequence of any of these causes, it should not be treated as an act of bankruptcy unless it continued for a certain time; and inasmuch as it was the province of the law-maker to declare what that time should be, he, in his discretion has fixed the time at fourteen days.

But if a man declines to pay solely because he is not liable to pay, or because he has a valid claim against the paper, or a set-off, that is not a stoppage or suspension, as I understand it, within the meaning of the bankrupt law.

But where the paper is due and it is not paid because, without adequate legal excuse, he will not pay, or because he is unable to pay, and it is continued for the period of fourteen days, that constitutes an act of bankruptcy.

I am aware that different constructions have been given to this clause by different courts, but it seems to me that this is the only construction which is consistent with the general scope and spirit of the bankrupt law. The law ought to make no compromises with a fraudulent act, but if the construction contended for on the part of the defense is the true construction, then it does make terms with an act of fraud, and declares the fraud may be continued day after day, but, if less than fourteen, no act of bankruptcy has been committed.

I do not think that could have been the intention of the law-maker in the use of this language. It may be conceded that it is not so clear and distinct as it might have been; but we have to construe it with a view of carrying into effect the spirit of the law, and the construction which I have placed upon it I think best accomplishes that result. Demurrer overruled.

[For hearing on an application for a discharge, see Case No. 13,937.]

NOTE. Consult In re Shea [Case No. 12,-729], and authorities there cited. That refusal to pay on the ground of a valid defense, claim or set-off is not an act of bankruptcy: In re Chandler [Id. 2,591]; M. & M. National Bank of Pittsburgh v. Brady's Bend Iron Co. [Id. 9,018]; In re Hercules Mut. Life Assur. Co. [Id. 6,402]; In re Munn [Id. 9,925].